**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIKOLAY DARMANCHEV | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 04-CV-_____ |
| | : | |
| SEMEN ROYTSHTEYN | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant | : | |

## COMPLAINT

1.   Plaintiff is a citizen of the State of Georgia residing at 6075 Standard View Drive, Duluth, GA 30097.

2.   Defendant is a citizen of the Commonwealth of Pennsylvania who, upon t 3338 Richlieu Road, Apartment G-100, Bensalem, PA 19020.

3.   Jurisdiction is premised upon complete diversity of citizenship and the fact that the amount in controversy exceeds $75,000.00.

4.   Venue lies in the Eastern District of Pennsylvania as a substantial portion of the acts which give rise to this complaint occurred in the Eastern District of Pennsylvania.

5.   At all times relevant hereto, Plaintiff owned, leased and/or operated a 1997 Chevrolet Lumina bearing Pennsylvania registration No. EVE1412 which was involved in the collision that gives rise to this action.

1

6.    At all times relevant hereto, Defendant owned, leased and/or operated a 1993 Ford Taurus bearing Pennsylvania registration No. PD1759G which was involved in the collision giving rise to this accident.

7.    On December 11, 2004 at or near the intersection of Street Road and Richlieu Road in Bensalem Township, Pennsylvania, the defendant – while negligently operating his vehicle – collided with the plaintiff's vehicle thus causing the plaintiff to sustain serious, debilitating and permanent bodily injuries and bodily impairments as more fully set forth below.

8.    The aforesaid collision was caused by the carelessness and negligence of the defendant and consisted of the following:

(a) failing to have his vehicle under proper and adequate control under the circumstances;

(b) operating said vehicle at high and excessive rate of speed under the circumstances;

(c) failing to act with due regard for the point and position of plaintiff's vehicle;

(d) failing to keep a proper and adequate look out for plaintiff's vehicle and other motor vehicles lawfully traveling upon the highway;

(e) failing to take action to avoid striking plaintiff's vehicle;

(f) failing to yield the right-of-way;

(g) failing to operate his vehicle in the proper lane;

(h) violation the various ordinances, statues and laws of the state of Pennsylvania and its political subdivisions pertaining to the operation of motor vehicles when approaching traffic upon the highway;

(i) failing to exercise due care under the circumstances; and

(j) otherwise negligent as a matter of law.

9.    By reason of the aforesaid occurrence, plaintiff was caused to be thrown about, thereby sustaining severe and debilitating personal injuries on or about neck, upper and lower back, post concussion headaches, post concussion syndrome manifested by dizziness, nausea and anxiety, severe strain and sprain of cervical spine, severe strain/sprain of thoracic spine, severe strain/sprain of lumbosacral spine and contusions, all or some of which injuries are or will prove to be of a permanent nature and character, whereby he has suffered, is suffering and will for an indefinite time into the future suffer, all to his great detriment and loss.

10.    By reason of the aforesaid, plaintiff has been and may in the future be prevented from attending to his usual and customary wants, duties, toils, labors and occupations, thereby foregoing the pleasures and emoluments attendant thereto, all to the plaintiff's great detriment and loss.

3

11.   By reason of the aforesaid, plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and he may be obliged to continue to expend such sums or incur some expenditures for an indefinite period of time in the future, all to the plaintiff's great detriment and loss.

12.   By reason of the aforesaid, plaintiff has been or will be obliged to expend various sums of money or incur various expenses in order to treat and to cure himself and herself, and may further be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future, all to the plaintiff's great detriment and loss.

13.   By reason of the aforesaid, plaintiff has suffered a severe loss in his or her earning and/or an impairment of earning capacity, and has thereby lost the emoluments which would have come to each of them through the course of his employment, all to his great detriment and loss.

14.   By reason of the aforesaid, plaintiff has incurred or may hereafter incur other financial expenses or losses, which do and/or may exceed the amounts by which he may otherwise be entitled to recover.

15. By reason of the aforesaid, plaintiff's vehicle sustained property damage in excess of $6,000.00.

**WHEREFORE,** Plaintiff prays for judgment in his favor and against the defendant in an amount exceeding $75,000, together with interest, costs, delay damages and such other amounts as may be deemed just and equitable by the Court.

### JURY DEMAND

16.  Plaintiff demands a trial by jury.

**LAW OFFICES OF ELY GOLDIN**

_____

BY: ELY GOLDIN, ESQUIRE
Supreme Court I.D. No. 75937
1530 Chestnut Street, Suite 400
Philadelphia, PA 19102
(215) 569-0660
Attorney for Plaintiff
goldin@goldinlaw.com

Dated:  December 10, 2004

5